## UNITED STATES v. E. ROSENBURG & SONS.

### (District Court, S. D. Florida.   August 3, 1918.)

CUSTOMS DUTIES ⊂⇒92—AUTHORITY OF SECRETARY OF TREASURY—STAMPS FOR CIGAR BOXES.

Act Oct. 3, 1913, § 4M (Comp. St. 1916, § 5672), allowing the withdrawal for home consumption of tobacco from a bonded warehouse "upon the payment of duties on such tobacco in its condition as imported under such regulations as the Secretary of the Treasury may prescribe," does not authorize the Secretary of the Treasury to promulgate regulations requiring manufacturers of cigars to pay $10 per thousand for stamps to indicate the origin of the tobacco and the place of manufacture.

At Law.   Action by the United States against E. Rosenburg & Sons, a corporation.   On demurrer to declaration.   Sustained.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla.
McKay & Withers, of Tampa, Fla., for defendant.

CALL, District Judge.   The declaration in this case, after setting out the passage of Act Oct. 3, 1913, c. 16, 38 Stat. 114, and that the defendant company executed the bond required, alleges that pursuant to the provisions of the act the Secretary of the Treasury promulgated a regulation requiring all manufacturers of cigars doing business under the act to pay to the United States $10 per thousand for all stamps to be used to indicate the character of the boxes, etc., containing cigars, the origin of the tobacco, and the place of manufacture, and that pursuant to this regulation 70,000 stamps were furnished the defendant company, for which it had not paid, and claims $700 therefor.

To this declaration the defendant interposed a demurrer on 10 grounds.   The third ground is as follows:

"The declaration fails to show the legal authority of the Secretary of the Treasury to promulgate the regulations therein contained."

The regulation in question is contained in T. D. 34659, and is as follows:

"Treasury Department, July 22, 1914.

"Sir: Replying to the various requisitions made by your office for stamps to be affixed to boxes containing cigars made in a bonded warehouse under the provisions of the act of October 3, 1913, I have to request that proprietors of the bonded premises using such stamps be charged therefor at the rate of ten dollars per thousand stamps," etc.

"Wm. P. Malburn, Asst. Sec."

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 4M of the act of October 3, 1913.(Comp. St. 1916, § 5672), among other things provides that:

"Articles manufactured under these provisions may be withdrawn, under such regulations. as the Secretary of the Treasury may prescribe for transportation and delivery into any bonded warehouse at an exterior port for the sole purpose of immediate export therefrom: Provided that cigars manufactured in whole of tobacco imported from any one country, made and manufactured in such bonded manufacturing warehouses, may be withdrawn for home consumption, upon the payment of the duties on such tobacco in its condition as imported under such regulations as the Secretary of the Treasury may prescribe, and the payment of the internal• revenue tax accruing on such cigars in their condition as withdrawn, and the boxes or packages containing such cigars shall be stamped to indicate their character, origin of tobacco from which made, and place of manufacture."

It is the proviso to which this Treasury Decision and the stamps showing the character, origin of tobacco, and place of manufacture applies, and the power to make it rests upon the words contained in such proviso:

"Under such regulations as the Secretary of the Treasury may prescribe."

The decision of the question of the power of the Secretary to require the manufacturer to pay to the government $10 per thousand for these stamps must be decided upon the words and the context in which they are used. The part of the proviso containing the quoted words is to the effect that cigars manufactured from imported tobacco may be withdrawn for home consumption upon the payment of the duties on such tobacco in its condition as imported, under such regulations as the Secretary may prescribe and the payment of the internal revenue tax on the cigars and stamping the boxes or packages as required by the act. The act requires these packages or boxes of cigars to be stamped, indicating their character, origin of tobacco, and place of manufacture. It also provides that all labor performed and services rendered under these provisions shall be under the supervision of a duly designated officer of the customs and at the expense of the manufacturer.

Does the power delegated by Congress to the Secretary of the Treasury to prescribe regulations for the payment of the import duty on the tobacco from which the cigars were manufactured invest the Secretary with power to prescribe the amount the manufacturer shall pay for a stamp indicating the character, tobacco, and place of manufacture, in addition to the import duty on the tobacco, the internal revenue tax, and the labor performed and services rendered under the provisions and required to be paid by the manufacturer by the act? In other words, has the Secretary of the Treasury the power to require by regulation the manufacturer to pay $10 per thousand for these stamps additional to the amounts required by the act itself? The power to levy the tax and imposts is with Congress, and if an attempt has been made to delegate such power to the Secretary it would scarcely be contended that it was legal; but in the instant case it is clear to me that Congress made no such attempt. It seems to me that the attempt of Congress was to invest the Secretary with power

to make regulations for the inspection, grading, fixing the quality, proper amount of import tax, etc., on the tobacco in its condition as imported, in order to arrive at the proper amount of import tax on such tobacco. The payment of the internal revenue tax on the cigars and the contents of the stamp to be placed on the package or boxes is prescribed by the act, and there is no attempt to vest the Secretary with power to regulate these or either of them. It seems to me that the Treasury Decision relied upon to fix the indebtedness upon the defendant in the case is a sum in addition to and beyond what the act requires to be paid by the manufacturer before the goods can be withdrawn from the bonded warehouse for home consumption, and not in the nature of a regulation authorized by the act, a sum apparently fixed arbitrarily, and is an addition to the law.

For these reasons, I am of opinion that the demurrer to the declaration is well taken, and should be sustained.